May it please the Court, Kurt Hermanson on behalf of Mr. Bahamonde. I would like to reserve five minutes for rebuttal. Here, the cumulative impact of the errors in this circumstantial evidence case in which Mr. Bahamonde has consistently professed his innocence requires reversal. The government concedes that TUI, the housekeeping statute, and the CFRs that are at issue in this case do not create a privilege. Yet the Court precluded the defense from calling the case agent and having the case agent testify in this case. That preclusion sanction was completely inappropriate and extraordinary in this case. And denied Mr. Bahamonde his right to serve. What should the Court have done, in your view? Your Honor, the Court could have chosen a much lower sanction, if one at all, a continuance. Was that requested? No. All the government did was say that the CFR wasn't complied with, and therefore they objected to the case agent being testifying. What about the defense asking for a continuance? I was ready to go, Your Honor. I did say that I would give the CFR letter, but then the Court said it was untimely. But the government was the one who wanted, who would have needed time. The Court say why it was untimely? No. And there is, the Court just summarily said, denied as untimely. Well, I suppose if I understand the rationale of the government, it's that you serve this notice on people in order that the government can determine whether to claim a privilege, whether to state that this isn't the employee who is appropriate to testify, that somebody else can testify, and so on. Things like that. And there's no time to do any of that if you wait until the jury is there. But that's their problem at that point. They can ask for a continuance. They can say, well, we have a demand now. Judge, we'd like a continuance. They didn't ask for a continuance, did they? Correct. They did not ask for a continuance. And I would, I definitely argue that the purpose of the CFR wasn't at issue in this case. The purpose of the CFR is to let department heads control the information in their files. And we can see in case after case where that does come up in the civil context, where a civil litigant wants to pull someone in from a federal agency to testify. Does the regulation have a timing element? Does it say how soon, how early, when this has to be filed to the government? Neither 16.23C nor 545A say when the notice should be given. It has to be in writing. It has to be a letter. No, it says you can do it, you can do it orally as well by the lawyer. 16.23 says you should do it by letter, but if not, you can do it orally. And you did do it orally, didn't you? I did, Your Honor. Why wasn't that, why didn't that at that point impose obligation on the government to produce the witness, or if they couldn't, just, you know, ask for continuance or whatever? The Court is correct. I'm just asking a question. I'm not on anything. I'm just asking a question. I mean, you made a, you, it looks to me like you complied with 16.23C if all testimony is sought by a demand in a case or a matter of any other, and affidavit, or if it is not feasible, a statement by the party seeing the testimony by the party's attorney setting forth a summary of the testimony sought must be furnished to the department attorney handling the case, right? You made a statement in court. You explained what you wanted to, who you wanted to appear, and you explained what you wanted that person to testify to, right? Correct. I agree. And why, so I guess the question is why wasn't that compliance with 16.23C? I believe that it was compliance with 16.23C, Your Honor. And did the government produce a witness? They refused. Okay. Did they ask for continuance to go get approvals? No, Your Honor. And, in fact, because the witness was on their witness list, I think the Court would be, the government, excuse me, would be hard-pressed to argue that they didn't already have authorization. Well, who knows? I mean, maybe they did. Maybe they didn't have authorization. But they didn't ask, they didn't say we'll produce a witness, but we need to get approval. They didn't say that. They did not say that. And, in fact, the government, the purpose, again, of the CFR is to let executive department heads control their records. In this case, the government had already given over the case agent's notes and the case agent's report of investigation. So there was no issue. That's why the record reflects my shock and surprise at the government's refusal to allow the case agent to testify. When they had already given over the reports that he had written, they had already given over his notes. What do you do about those three cases from other circuits that find this preclusive? First, those cases are unreasoned. And, therefore, this Court should not follow them. But, more importantly, the case of Wardius v. Organ, United States Supreme Court case of Wardius v. Organ, was not argued in those cases. And that case makes it completely distinguishable and shows that the ---- Wardius is under the books. Wardius is a 73 case. Correct, but ---- These are all post-73 cases. Correct. But the defendant in those cases didn't argue that there was a problem with reciprocity. The Supreme Court in Wardius v. Organ made clear that you cannot create a discovery rule that is unilateral. In that case, it was a notice of alibi rule. And the Supreme Court ---- and, in that case, the district court, or I should say the State court, precluded the defense from any alibi evidence because they hadn't given the notice. The Supreme Court there said that that was a violation of due process because you can't have one rule for the government and another for the defense when it comes to discovery. It was a unilateral requirement on the defense to give notice. And ---- So is this a discovery rule in your view? It's not. It is. In effect, it is. In the way that it was the preclusion sanction was imposed in this case. The ---- Disregarding the sanction, is the rule on its face a discovery rule? Yes, it is. Per se, no. It's not in the Federal Rules of Criminal Procedure. It doesn't ---- it's not under a section saying discovery. But the text of the rule, 16.23c and 545a, put a requirement on the defense that the defense give information to the government, which is a discovery rule. And in fact, it says that the information has to be with specificity. There has to be a summary of the testimony sought, which is exactly like Federal Rule of Criminal Procedure 16 regarding experts. That rule says the same thing. You have to give the basis of the expert opinion. You have to give a summary of the expert's testimony. It's a little more detailed on the expert testimony. I would agree. It's analogous, however. And I think that shows Congress's intent. The Federal Rules of Criminal Procedure have the same force and effect as the statute. And Congress there, in Rule 16, said that here is a discovery requirement, and it's reciprocal. If the defense calls an expert, they have to give notice of that expert and with specificity. The problem with this is it's not reciprocal. That is the hugest problem in this case for the government. How would one make it reciprocal? The CFR, you can't. I mean, the defendant doesn't have a secretary, I mean, an assistant attorney general in charge of him. Right. The only way. His witnesses, right? I mean, how would you go about making this reciprocal? Well, I would say exactly how the Court said in Mordius. In Mordius, the defense, if the defense had to give up her notice of alibi discovery, then the prosecution had to come back with any rebuttal, summary of rebuttal testimony and give that discovery over to the defense. And the statute in Mordius v. Oregon did not provide for that kind of reciprocal discovery. It would be the same thing in this case. If the CFR itself said, if the defense gives over their summary of the testimony sought, then the government would have to give over any. Well, the government says you can't even argue that because you didn't comply with the rule, they say. They claim you didn't comply with the rule, and therefore you don't know. I mean, they might have come forward with this. You know, they might well have been willing to reciprocate. Or they might have said, we're not going to put anything on to her butt, so there's no issue here. Correct. We think that what you're going to get out of this agent is so harmful to you and so beneficial to us, that we don't bother rebutting. So we don't know. Well, I have two responses to that. The first is, I strongly urge the Court to take a very close look at Mordius v. Oregon, because that exact issue was raised there. And the Supreme Court clearly said that it's not fair to impose a requirement on the defense when the government may or may not have turned over reciprocal discovery, because we don't know what would have happened. And as far as the harmlessness or harmless error regarding the agent's testimony, there is no testimony more credible to a jury than the testimony of a case agent. And in this case, the defense called a number of witnesses to show that Mr. Bahamonde bought the car from Raul Fuentes, and the government attacked all of those witnesses and talked about how Raul Fuentes was ---- Were you the trial counsel? Yes, Your Honor. And you were aware of this requirement? I was aware of it, Your Honor, but honestly, and I apologize for not doing it, and obviously in hindsight, I feel horrible that I didn't do it. But the fact is that the transcript shows my shock and surprise that the government would put a technicality above due process in a fair trial, and that I asked for a sidebar, and the Court allowed a recess. There's a little bit of an effective assistance of counsel claim coupled with appeal. I actually don't think I was ineffective in any way, because this case ---- You don't want to say anything about that. Well ---- Because unless you want to protrude your client's claim on that. Your Honor ---- Well, I don't want to act up here, but it's up to you. But there is not a claim of ineffective assistance. I didn't make one, because I think the facts of this case show that, although obviously I have a great amount of regret for not doing the CFR, I was shocked that the government would stand on the technicality. And it really ---- I really to this day don't believe that it's required, because I had read Exxon, and I knew that the CFR was very questionable. And I really did think that it was a technicality or formality that was not required in this case, because the case agent was on the government's witness list. The case agent was present at the motion hearing. This is the agent who interrogated Mr. Bahamonde, who investigated the case. So in my mind, the CFR really didn't apply to this kind of person. The CFR would be ---- and I have done the CFR letter in the past. And when I do it is when I'm calling a case agent from another case or a police officer and I attach the police report, giving them a heads-up, this is going to be a Fourth Amendment motion, and your testimony will be sought regarding the search of the vehicle, so that their recollection is refreshed. And that has been how I've always done the CFR, and I've never had a problem with that. In this case, the case agent was at the government table with the U.S. attorney as the case agent in the case. He interrogated Mr. Bahamonde. He was part of the prosecution team. So it wasn't ---- the purpose of the CFR would be to put him on notice of what his testimony would be. That was clear from the very case from the very beginning. So I didn't see the CFR serving any purpose whatsoever. Okay. Thank you. You all just have your time. The government ---- just to clear up one tiny point. The government refers to Section 5.45 of the CFR, and you refer to 1623c. They're virtually identical, but which one is supposed to apply? I think the government is going to say 5.45, which is a newer one. It's for the Department of Homeland Security. I see. The older one is for the Department of Justice. Okay. The government didn't raise the 5.45 issue until appeal. They never raised it in the district court. All right. Okay. We'll hear from the government. Good morning, Your Honor. Steve Kokos on behalf of the United States. Just as an initial matter, the government did raise the applicability of Title VI, Section 5.42, 5.45 in the district court in its opposition to the defendant's motion. It's the same section, though, right? There are differences. Because 16.23 deals with Department of Justice employees and the prosecutors are typically Department of Justice employees as well, the notice can be delivered to the assistant U.S. attorney who's there because they are members of the same department. In the case of a Department of Homeland Security employee, that notice is given to the Office of General Counsel, not to the AUSA, not to the prosecutor, not to the U.S. attorney, but directly to the Department of Homeland Security. They then make the call as to whether or not they will allow that witness to testify or if they're going to assert some privilege. Your Honor, this is not – this is a case about where the appellant made a strategic decision. So is that why you think that they didn't actually comply with this? That is one of the reasons, yes. Serving me with the notice is not in compliance with 5.41 if, in fact, he had actually served me with any. And the officer at the time was working for whom? Department of Homeland Security. At the time of the trial? That's correct, Your Honor. In this case, as the district court found, this was a strategic decision not to give notice pursuant to the CFR regulations. And because that notice wasn't given, Agent Rodnell could not take the stand without violating the regulations of his own department. Could he have taken the stand if he was called as a witness by the government? If I had complied with the CFRs and obtained the permission from the department, yes. So it's your view that even if you wanted to call him as a witness, you would have had to have done the same thing? Absolutely, Your Honor. In fact, that is exactly what the government routinely does. It complies with the CFRs. And have you? Yes, I have. So you had done it? For each of the witnesses, the government called. The government submitted a valid. I'm asking about this witness. This witness, as well as all the other government witnesses. The government, in fact, it was me, submitted a valid subpoena to the designated officer of that agency, had a conversation with that agency about the scope of that witness's testimony, submitted letters to that agency's Washington, D.C., office describing the scope of their proposed testimony. That is the procedure that I'm obligated to go through, as well as any other litigants seeking to compel the testimony of a government witness. So this guy had been cleared, had been approved to testify. I'm sorry, Your Honor. So this agent had been approved to testify. I did not call this agent as a witness, but I did have permission. That's not the question. I did have permission to call him if I so chose, yes. So this was an agent as to whom there was permission to testify concerning this matter? Concerning the questions I was going to put to that witness, yes. I do not know what witness, what questions the appellant was going to ask the witness. I can speculate, but I don't know since the proffer he made. But he did make a proffer. It was ex parte and under seal. I have not seen it. Well, little information I do have about it. Chris, if you use him, you put him on as a witness, I suppose you have no control over the questions you're going to be asked on the cross. Well, they would be within the scope of my direct presumption. Direct. Yes. And that would be the understanding the Office of General Counsel would have, that if I put him on the stand, he's going to be subject to cross-examination. Yes. There's no question that the appellant knew of the regulations. He concedes as much. But the attitude about the rules, I think, is important. The attitude that they're ridiculous, that he just doesn't need to do that, that they're courtesies. What would have been wrong with having him submit the letter right then? That was untimely, as the district court found. Why untimely? Well, the rules required. The district court said it's untimely, but where does it say when you have to do it? The regulations, well, there is no, there's nothing in the CFRs that specifically say when the letter must be received, how far in advance of trial, for example. They do say that the department be given 20 days to respond to any request. At this point, we had a jury panel. I'm sorry, where does it say that? 6 CFR. Give me one second, Your Honor. 5.6, part 6. I'm sorry? 5.6. 5.6. Okay. At this point, following up on Your Honor's question. So what does that tell you? I mean, I don't understand. That would have authorized the government to get a continuance of 20 days to get the approval. But I don't understand why that matters as far as when they can present the request. I mean, you know, the government can, you know, can say, look, we'll provide the witness in 20 days, and then the court has to, or not, we have 20 days to respond, and then the court has to deal with that situation. But where does it say that? Why would the district court rule this was untimely? And why prevent defense counsel from presenting this at the time? What justification is there for that? The district court, I believe, answers that question when it says, the defendant has been on notice of this defense, knowing its strategy, has subpoenaed other witnesses, and has failed to follow the CFR in regards to this particular proposed witness. Well, but how did he fail to follow the CFR? He says, look, I'll present the letter now. And the court says no. I mean, where does it say he can't do it now? It does not say that in the regulations. So the court erred when it said no. I'm sorry, the court? The court said it's untimely. He can't do it now. It erred. No. There was nothing that would have prevented it. I mean, what would have prevented it from filing the letter at this point, at the very point that he stood up in court? Well, the court found it to be untimely. Well, I understand. But we are reviewing what the court did. And the question is, I want you to justify to me why the court was right when it said it was untimely. Okay. For a couple of reasons. First of all, what had occurred in the trial up to that point. The misconduct on the part of defense counsel in failing to comply with reciprocal discovery rules. That was the history of the case at that point. There was also the fact that the government's case-in-chief addressed that the jury had been around. That has nothing to do with whether this was timely or not. It was either timely or it wasn't timely. And the court found it untimely because of the circumstance of the trial at that point. That breaking the trial up. Did the court just make up timing rules? The court has the power to control its own courtroom. And certainly when the defendant is aware of the requirement and at the same time there was no surprise in the government's case that all of a sudden necessitated this witness's testimony. The government had the witness on its list and didn't call. Maybe defense counsel thought that the government would call the witness and it could handle this during cross-examination. And then found itself surprised by the fact that the guy who's sitting there at the trial this entire time doesn't get called. He says, okay, I'll start the process now. What does it say here on the CFRs? It says, no, you should have done it 20 days ago or a week ago or 10 days ago. Your Honor, I didn't. What would have happened if he had? Had what? Sent a letter right then. Had sent a letter to the Office of General Counsel? Yeah. The Office of General Counsel would have begun consideration of that letter and would have probably responded in less time than 20 days, but had up to 20 days under the regulations and determined whether or not Agent Rodmel would have testified and would have presumably let me or Agent Rodmel know that. That's what would have happened. In the meantime, the jurors would have been presumably excused. But then you'd have been in a position of having had a request for a witness and then withheld the witness, withheld the government witness. Then who would have been in the position? The government. The government would have had a witness and then you guys don't present him, you would have been in that position. Exactly. And we would have faced whatever consequence the district court deemed appropriate. The problem here was the timeliness of it. This is exactly the same situation that occurred in U.S. v. Wallace, the Fifth Circuit case, where the witness was on the government's witness list, where Jenks material had been provided in advance of trial. The witnesses were in the courtroom. They attempted to comply with the CFR. What do you think about the Wardius argument? You know, I was really disappointed by those other courts, that they said nothing at all about Wardius. There was sort of not terribly impressive discussion of this whole thing. But I think it's sort of weighty to require criminal defendants to not only give notice of what witnesses plans to call, which, of course, they're not required to do under the federal rules, but also specifically tell the government what it plans to get out of that witness. It's a tremendous advantage for the prosecution to know what the defendant wants to get out of that witness. It helps the trial attorney have the witness, avoid pitfalls. And it's not an advantage that the government has to give vis-a-vis any of its witnesses to the defense. They can play mom and then put the witnesses on and have them say whatever. I've never heard of this requirement that in a criminal trial, defendant must disclose what it tries to get out of a witness. The CFRs are not discovery rules. In fact, the letter disclosing the witness's testimony – You can say they're not, but that doesn't mean anything. In fact, what it does is – I mean, do you stand there when this is going on? I'm not going to listen to what the government has thought. I mean, obviously, we'll know exactly what – the witness will know exactly what is thought out of the witness. Why doesn't this violate Vordius? Why curb it? Vordius deals with the notice of alibi rules specifically. And that is a unique circumstance where if a defendant gives – specifically in Alabama, right? I'm sorry? Specifically, notice of alibi rules in Alabama, right? And with defendants whose name starts with the letter W. Be serious. What the Supreme Court said there was that you can't have a rule in a criminal case that provides evidence non-reciprocally. Where the defendant has to provide evidence to the government and there's no attempt at reciprocity. You can't run a trial that way. And they held it as a matter of due process. Now, sure, you can try to distinguish that it's an alibi rule. And if that's the best you want to do, then you're going to sit down and, you know, that's all we have. If you want to come to grips with what Vordius stands for, this is your chance. You've got 8 minutes and 49 seconds. The Supreme Court did say that in the context of a state that provided for no discovery whatsoever to criminal defendants. That is not the case here. The defendant was entitled to the full panoply of discovery. Yeah, but what it did say was you can't have a rule that provides non-reciprocal discovery. And that was a special rule having to do with alibis. And it says, you know, you have a rule that poses a burden on a defendant for what may be perfectly legitimate reasons. And in order to comply with it, the defendant has to provide information about its case to the government in a way that the government doesn't have to provide information to the defendant. And it says that ain't fair, and those kind of rules can't apply in criminal cases. Now, to me, that sounds like it's pretty close to this case. And since you seem convinced that it's not, why don't you convince me? 7 minutes and 45 seconds. Your Honor, first of all, there is no – I cannot conceive of a CFR letter that would disclose something to the government that would require reciprocity – reciprocal discovery from the government that would not already have been available to the defendant via the existing Rule 16 in Braille. That would be a lack of your imagination. That may simply be proof that you're just not imagining it. Well, I think that if my imagination is short, so is the defendant's, because he can't conceive either of a viable reciprocal discovery rule in the context of an administrative procedure that agencies use to control whether or not litigants can compel the testimony of government witnesses. Because there simply isn't any information that – Well, if you can't make it reciprocal, then maybe the rule is you can't do it. Well, you can't make it reciprocal because the information is already there. It's already been – you can't make it reciprocal because the information, the discovery from the government, has already been provided. Well, what's been provided? I mean, what is it that would be responsive to this kind of a request that's already been provided by the government? Well, for example, if – and again, I don't know – if the subject matter of Agent Rodmel's proposed testimony was his interview of the defendant and setting aside the admissibility of that, his notes and everything associated with that had already been produced in discovery pursuant to Rule 16. Well, if I read his brief correctly, it's more along the line of you didn't investigate somebody else when you had, you know, information that somebody else might have done it. We had information about Raul Fuentes that we presented to the defendant, and the defendant makes note of the fact that we presented his passport, driver's license, a number of other documents about where his children went to school. That all came from the government pursuant to Rule 16. That all – Regarding this other – Regarding Raul Fuentes. Regarding presumably – and again, I don't know what he was going to be inquired about had he been able to take the stand. But he was in the – Agent Rodmel was in the unfortunate position of having to tell the district court, I can't take the stand because I haven't received permission from my agency. And this Court has found that those rules are valid and enforceable regulations with the force of law on those employees. And there is nothing that would have prevented – there's no reason to believe that Agent Rodmel wouldn't have taken the stand if the defendant, if the appellant, had simply complied with the rules. And if the agency had chosen not to make him available, then the government would have suffered the consequences. You don't think you could have solved this with a phone call? I'm sorry? You don't think you could have solved this with a phone call? You were the file assistant? I was, Your Honor. I mean, you've already talked to the general counsel about having the agent testified on behalf of the government. You don't think that you could have just taken a break, called the general counsel, and gotten this squared away? Your Honor, it's not me who is keeping him off the stand. I don't believe I could have, because unlike Rule 16.23, Rules 5.41 and the corresponding regulations do not allow for oral requests. They require it in writing. That's what the officer did. You guys already made the request in writing, so this witness was already approved for you to put on the stand. So I'm asking a question. You don't think you could have picked up the phone, called whoever gave you approval to put the witness on the stand and say, we have a problem here. If the defense wants to put him on the stand, we approve it. We will authorize the agent to do that. And relay to that officer at DHS the substance of his proposed testimony? Actually put him on the phone and say, here, talk to your officer. Your Honor, that is possible. I don't know. I don't know if that would have been acceptable to the Department of Homeland Security. I know that that's not how I choose to comply with the rules. You didn't try. No, I didn't try, because that wasn't an option at the time. The district court at that time said, this is untimely. You had the opportunity to do this before. You've done it in the past. You chose not to do it here. We've got a jury sitting right here. The government's concluded this case. This is the very last witness in your case. And if the government, the Assistant Attorney General had said, Your Honor, I think I can solve this problem. I know this is a great hardship to the defense counsel, and it would be really ungentlemanly and maybe unfair to the part of this. If the court will give me a 15-minute recess, I will call Washington and see if I can fix this. And you think the district judge would have said, no, we're going to plow on ahead? Your Honor, given what had occurred, I don't know. I think it must have been a very big hurry in San Diego, that kind of request. Who was the district judge? Judge Houston. Given the defense counsel's statements about his view of the rules, and given his lack of compliance with the rules up to that point, I don't know that Judge Houston would have been willing to do that. I simply don't know. It is true, I did not ask. I would nevertheless have stood to your credit if we had seen something like this on the record. I'm sorry? You would have stood to your credit if we had seen this request on the record, even if it was denied by the court. In your honor, in hindsight, I concede that is true. This isn't something that I haven't thought about repeatedly since the trial. I agree that in hindsight I could have made that request and seen what the district court could have done. But the fact of the matter is he made his ruling. It was in compliance with the CFR. The CFRs have been found by this court repeatedly in Bowie and in other cases to be valid. There is no constitutional issue here. Was it found invalid in a criminal context? In People v. Reyes, that was a district court out of the Ninth Circuit. They were found to be valid. That was a state criminal proceeding. And in the three out-of-circuit cases that I cited. As far as I know, yeah. So your answer to Judge Canby is no. Well, it was found to be valid in People v. Reyes. Which is a district court decision. A district court decision. When we say we, we mean we. We don't mean them. No. You understand the distinction? I understand the distinction. And no, this Court has not specifically addressed that, that I'm aware of. Or even generally in a criminal context. Well, addressed in habeas cases, so derivatively criminal. But not directly in a criminal appeal. That is correct. Okay. Thank you. Thank you. I believe we have some time for rebuttals. The government is now saying that it was the district court who wouldn't allow the case agent to testify. That's simply not true. It was the government who objected. And the government who would not allow the case agent to testify. And as far as surprise, I was shocked and surprised in this case. After I had received the agent's report of investigation, I had received his rough notes, and he was on the witness list, I was shocked and surprised that he wasn't allowed to testify. How much was left of the trial at that point? Your Honor, this was a, I believe Mr. Cook is correct that it was the last witness. But this was a four-hour trial in which the jurors deliberated for ten hours. So I think that goes to the fact that this was not a harmless error. This was a very short trial. It would have been incredibly, a very efficient trial. It would have been easy for the government to make the phone call that you spoke of. But then again, a court that efficient might not allow a 15-minute phone call. There must have been a big hurry in San Diego. Well, it was four hours of testimony, just to be clear. No, no, I understand. And now the government, although it's not in the record, the government concedes today that they in fact had permission for the case agent to testify. So that makes it 100 percent clear that the case agent could have testified. Permission had already been given. So it was the government and the government alone who prevented a fair trial. The government's position is that they got clearance to testify along certain lines and that your request might well be along other lines, and that they didn't have approval for that. Correct. And I would say that the government's fears of the lines of inquiry I might have hypothetically gone into are unfounded, because although part of my offer of proof was and is under seal and is before this Court, the majority of my offer of proof, and I would say it's pretty repetitive of what's under seal, was before the Court with Mr. Cook present in the courtroom. So the government knew that I was going to talk to cross-examine or examine the case agent regarding his failure to investigate third-party culpability in a case where he knew that my client said that he didn't know the marijuana was in the car. He blamed Raul Fuentes and said, Raul sold me the car. Raul was to blame for the marijuana being in the car. The case agent knew that Raul had been caught at the port of entry with marijuana in the car. The case agent knew that Raul Fuentes, a day after my client's arrest and two days after my client's arrest, was driving a car that Mr. Bahamonde had been in on May 7th. So there's the connections between Raul Fuentes and my client were obvious, and the government knew about them. And I think it's duplicitous for the government to say, oh, well, all that information from Raul Fuentes, we gave to them. Not until the Court ordered them to turn that over under Rule 16 did they turn it over. The government fought tooth and nail, saying it's completely irrelevant. I can't imagine how third-party culpability evidence could possibly be relevant. This is a fishing expedition. This Court has said in Sager, it's clear that when defense counsel isn't allowed to go into failure to investigate, that that is harmful error and requires reversal. So tell me, if we were to rewrite this regulation as to make it reciprocal, as you seem to say that Boardius requires, I mean, if we were to say, look, it could be made reciprocal, it wasn't. What exactly would it provide? What is the reciprocity? The simple fact is that this is a requirement that applies to government agents only. Defendants are not in the same position. And, of course, defendant himself can't be called to testify. And, you know, anybody else that might testify and is associated with him wouldn't be subject to any such requirement. It's not like you'd say, well, the government has to present you with evidence. I mean, I don't know. I'm kind of fishing around here trying to figure out how I want to make it reciprocal. It would be reciprocal in that if I was forced to give over a summary of what the case agent's testimony would be, the reciprocal part would be that the government would have to give over any rebuttal evidence regarding that testimony. And I think the Court's getting at the heart of why Wardius shows that the CFR doesn't apply to, in the criminal context, in Federal court. The requirement is unilateral. It's not reciprocal in any way. It's a requirement on the defense to give this huge advantage to the government to say why we're calling the case agent in the very case. You are not claiming any kind of due process challenge by being required to give notice as to how you plan to examine a witness. There's no challenge to that in and of itself. There is under Wardius, because Wardius said that that is the case. Then we would be outside Wardius. You're not making any sort of challenge by the fact that you're saying, look, we're being asked to put on a witness, and we're being asked to give the government this huge advantage by letting the government know what questions we're prepared to ask. I think it would be... Is there some sort of due process challenge on that? I think if it were reciprocal, then no, Your Honor. I think if it were reciprocal, it would be like the expert notice. You have to give... It has to be the same requirement for both sides, just like the expert notice requirement. I suppose you would still have your argument that exclusion shouldn't be the only sanction, even if you violated a reciprocal rule. Right. The preclusion sanction is another reason to reverse in this case, because the court could have granted a brief continuance. Well, it was a three-hour trial. How long would this have taken? It was four hours of testimony, and because the government already had permission for the case agent to testify, and I did make an offer of proof as to what I would ask him about his failure to investigate, it was clear what his testimony would be. And the fact is that... So when the court says it's too late, was it making a ruling under the regulations, or was it simply saying it's too late in this trial? You know, it's too late because we don't have time for you to do this. I don't think it... It certainly wasn't too late in the trial. I believe it was either a Tuesday or a Wednesday. Why wasn't... I mean, you'd have to let the jury go home and come back, right? Yeah, it was a Tuesday or a Wednesday, and we certainly had the rest of the week for the trial. The court... What had the jury been told in terms of their time commitment? That it would be, I believe, a two-day trial. Two, three-day trial. Two, three-day trial. I see. So it would have been possible... So they were all essentially clear for two or three days. That's my recollection. I mean, barring illness, you know, something of that sort. But they were planning to be there the next day and the day after that, if necessary. That's my recollection in this case, and that's normally what juries are told in similar border bus cases, that they take two to three days. I don't know that that's in the record in this case. Okay. Thank you very much. The case is highly substantive. I notice Mr. Karnas is here, so we're able to argue the last case on the calendar. United States v. Beha. Beha? Beha.
judges: Canby, Kozinski, Rawlinson